UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Delaware Horizon, Inc. *et al.*,  Case No. 3:25-cv-1127

        Plaintiffs,

    v.  MEMORANDUM OPINION
  AND ORDER

Central Bank of Oman, *et al.*,

        Defendants.

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Delaware Horizon, Inc., and Mahmoud Al-Sahli filed a complaint alleging 13 banking and technology companies domiciled in the Sultanate of Oman are infringing a patent Al-Sahli holds. (Doc. No. 1). Al-Sahli is the holder of United States Patent No. 10,032,156 for a "System And Method For Conducting Financial Transactions Using A Mobile Device" ("the 156 patent"). (*Id.* at 24-37). The 156 patent claims "[a] Subscriber Identity Module (SIM) Chip Bank system and method for enabling users registered in the system to control their financial and telecommunications resources from their mobile device over a mobile communications network." (*Id.* at 24). Al-Sahli filed the patent application on May 1, 2013, and the 156 patent was issued on July 24, 2018. (*Id.*). Al-Sahli alleges that the Mobile Payment Clearing and Switching System ("MpClear"), which the Central Bank of Oman allegedly requires all financial institutions in Oman to use, impermissibly uses the invention claimed in the 156 patent. (*Id.* at 8-9).

Plaintiffs now seek an "emergency" *ex parte* temporary restraining order prohibiting the named Defendants and unidentified third parties "in active concert with them" from further

infringement on the patent and from "removing, concealing, altering, or destroying relevant evidence." (Doc. No. 7 at 1, 4).

## II. DISCUSSION

The purpose of both a preliminary injunction and a temporary restraining order is to preserve the status quo until a trial on the merits or some other reasoned resolution of the dispute takes place. *See, e.g.*, *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). Given this limited purpose, they are customarily granted based on procedures less formal and evidence less complete than one would find in the record of a trial on the merits. *Camenisch*, 451 U.S. at 395.

The same standard generally applies to the issuance of preliminary injunctions and temporary restraining orders. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). A patent holder seeking temporary injunctive relief must show "(1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's favorable impact on the public interest." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (citation omitted). These "are factors to be balanced, not prerequisites that must be met." *In re De Lorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). When considering whether to issue a temporary restraining order, an emphasis is placed on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo. *See Motor Vehicle Board of California v. Orrin W. Fox,* 434 U.S. 1345, 1347 n. 2 (1977); *see also* Fed. R. Civ. P. 65(b)(2) (temporary restraining orders must "describe the injury and state why it is irreparable," but no other factor).

Temporary restraining orders may be issued without notice to the adverse parties under certain circumstances. Federal Civil Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

*Ex parte* relief may be entered "where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found," or "where notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citations omitted). I conclude Plaintiffs have not met their burden for issuance of an *ex parte* temporary restraining order.

First, Plaintiffs do not contend it is impossible to notify the Defendants. Plaintiffs identified 13 separate corporations as alleged infringers and identified their principal places of business. (Doc. No. 1 at 4-7). Plaintiffs acknowledge they in fact have provided notice of their motion to at least some of the Defendants. (Doc. No. 7 at 13). And Plaintiffs previously utilized a press announcement in Oman to warn "all commercial financial and banking and other institutions" that they may be infringing on Al-Sahli's patent. (Doc. No. 1 at 59). Plaintiffs have not explained why a similar press announcement would be an ineffective method of contacting the remaining Defendants.[1]

Nor have Plaintiffs established that notice "would render fruitless further prosecution of the action." *First Tech.*, 11 F.3d at 650. "In order to justify proceeding ex parte because notice would render further action fruitless, the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Id.* Plaintiffs "must support such assertions by showing that

---

[1] As Plaintiffs implicitly concede, that press announcement was highly effective at reaching its target audience, as it drew a written response from the Central Bank of Oman after "[t]he Central Bank received numerous inquiries from licensed banks and payment service providers regarding the nature and intent of [the] announcement." (Doc. No. 1 at 55).

the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.* at 651.

Plaintiffs contend "advance notice would likely trigger deletion or modification of developer-console data, app-store listings, server logs, and cloud configurations and accelerate U.S. deployments before the Court can act." (Doc. No. 7 at 13). Plaintiffs do not present any specific facts in support of this broad assertion.

Moreover, Plaintiffs' own conduct undermines the credibility of their assertion. Plaintiffs issued their infringement warning in Oman on April 27, 2023, over two years ago. (*See* Doc. No. 1 at 58-59). Plaintiffs have not offered any explanation why Defendants would destroy evidence upon notice of their motion for a temporary restraining order, much less evidence that Defendants did so following Plaintiffs' country-wide infringement assertion.

Plaintiffs have not met their burden to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Therefore, I deny their motion for *ex parte* relief.

### III. CONCLUSION

For the reasons stated above, I deny the motion of Plaintiffs Delaware Horizon, Inc., and Mahmoud Al-Sahli for an *ex parte* temporary restraining order. (Doc. No. 7).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4